**Opinion filed January 9, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00212-CV

_____

## IN THE INTEREST OF K.R., A CHILD

**On Appeal from the 1st Multicounty Court at Law
Mitchell County, Texas
Trial Court Cause No. CCL17106**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of K.R.'s mother and father.[1]  K.R.'s father filed this appeal.  On appeal, he challenges the legal and factual sufficiency of the evidence in each of his four issues. We affirm.

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2019).  To terminate

---

[1]We note that, in the same order, the trial court also terminated the parental rights of the parents of M.R., who has a different father than K.R.  M.R.'s parents did not appeal; therefore, the termination with respect to M.R. is not at issue in this appeal.

parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (O), and (Q). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being; that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being; that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from Appellant for abuse or neglect; and that Appellant had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date that the petition was filed. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The Department initially received a report that the mother had used cannabis while she was pregnant. During that investigation, an investigator with the Department went to the location where K.R., the mother, Appellant's brother (who is M.R.'s father), and another adult male lived. The investigator was concerned that K.R. lived with three adults in a small, one-bedroom travel trailer and that a newborn child would also be living there soon. The living conditions at the trailer— particularly the scrap metal, junk cars, and old appliances outside the trailer— presented a danger to K.R.

The Department received another intake shortly after the birth of M.R. The mother tested positive for methamphetamine at the time of M.R.'s birth. M.R. and K.R. also tested positive for methamphetamine. The mother and M.R.'s father tested positive for methamphetamine at the time of removal. The Department removed the

children and placed them with a paternal aunt. The mother subsequently pleaded guilty to and was convicted of the offense of child endangerment as a result of her use of methamphetamine while pregnant with M.R.

At the time of the removal, two-year-old K.R. was "very dirty"; her hair was matted; and she had a bruise on her forehead. The aunt with whom the children were placed testified that K.R. appeared to be very neglected. The aunt testified that K.R. had a large bruise on her forehead, was very dirty, had no shoes, and had stickers imbedded in her feet. The aunt testified that, when she saw K.R. about a month before the removal, K.R. had "excessive" bruising on her head, arms, and legs. When K.R. was placed with the aunt, K.R. was not potty trained, did not mind well, "had a real bad cussing problem," and was "scared to death of water." While in the aunt's care, K.R.'s behavior improved tremendously. The aunt had potty trained K.R. within one week. The aunt testified that K.R. is now a beautiful, happy, well-behaved little girl.

Appellant has been in prison since K.R. was two weeks old. He was incarcerated at the time of removal and throughout the time that this case was pending in the trial court. Appellant appeared at trial via telephone. He testified that he had not received a parenting packet or a copy of his service plan. Appellant acknowledged that, at the time of trial, he was incarcerated for the offenses of unlawful possession of a firearm and assault and that, unless he is released on parole, he will remain incarcerated until K.R. is at least six years old. Appellant claimed that he did not know about the mother's long history of drug use.

The record reflects that Appellant was convicted of burglary of a building in 2008. In 2014, Appellant committed the offense of unlawful possession of a firearm by a felon. In 2015, he committed the offense of aggravated assault causing serious bodily injury. Appellant was convicted of the latter two offenses in 2016, and his

punishment was assessed at confinement for eight years for each offense, with the sentences to run concurrently.

The conservatorship supervisor and the children's guardian ad litem both believed that termination of Appellant's parental rights would be in K.R.'s best interest. K.R. had been placed in a stable and loving home with a paternal aunt and was doing well there. K.R. was happy and had adjusted well in her aunt's home, and the aunt wanted to adopt K.R. and M.R. The aunt testified that she was not willing to be a permanent managing conservator so that Appellant could retain his parental rights; the aunt wanted to adopt the children. The aunt testified, however, that she wanted K.R. to meet her father and that she would encourage Appellant and K.R. to have a relationship as long as Appellant "stays clean."

In his first three issues, Appellant challenges the legal and factual sufficiency of the evidence to prove grounds (D), (E), (O), and (Q). We first address Appellant's first issue—his challenge to the trial court's findings under Section 161.001(b)(1)(D) and (E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed

at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

Mere imprisonment, standing alone, does not support a finding under subsection (E) as it does "not . . . constitute engaging in conduct which endangers the emotional or physical well-being of a child." *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). However, evidence of criminal conduct, convictions, and imprisonment and their effect on the parent's life and ability to parent may establish an endangering course of conduct. *In re B.C.S.*, 479 S.W.3d 918, 926 (Tex. App.—El Paso 2015, no pet.). An offense committed by a parent before the birth of the parent's child "can be a relevant factor in establishing an endangering course of conduct." *In re E.N.C.*, 384 S.W.3d 796, 804–05 (Tex. 2012) (citing *J.O.A.*, 283 S.W.3d at 345).

The record reflects that Appellant had a history of violence and irresponsible choices, and the trial court could have determined from this evidence that Appellant voluntarily engaged in an endangering course of conduct. *See In re S.L.-E.A.*, No. 02-12-00482-CV, 2013 WL 1149512, at *9–10 (Tex. App.—Fort Worth Mar. 21, 2013, pet. denied) (mem. op.); *see also J.O.A.*, 283 S.W.3d at 345–46; *In re S.F.*, 32 S.W.3d 318, 322 (Tex. App.—San Antonio 2000, no pet.). At the termination hearing, Appellant admitted to the course of conduct that resulted in his incarceration. Appellant testified that the victim of the aggravated assault was his brother-in-law. The record reflects that Appellant pleaded guilty to "intentionally, knowingly, or recklessly caus[ing] serious bodily injury" to his brother-in-law "by striking him in the head with a piece of lumber." We believe that the trial court could have found by clear and convincing evidence that Appellant had engaged in a course of conduct that endangered K.R.'s physical or emotional well-being. Accordingly, we hold that the evidence is legally and factually sufficient to uphold the trial court's finding under subsection (E). We overrule Appellant's first issue. Because only one

statutory ground is necessary to support termination and because we have upheld the trial court's finding under subsection (E), we need not address the finding under subsection (D) or Appellant's second and third issues. *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35.

We add, however, that even if we were to conclude that the finding under subsection (E) was not supported by sufficient evidence, we would uphold the finding made pursuant to subsection (Q), a finding which Appellant challenges in his third issue. To support a finding under subsection (Q), the record must show that the parent will be incarcerated or confined and unable to care for the child for at least two years from the date the termination petition was filed. FAM. § 161.001(b)(1)(Q); *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006).

The Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that Appellant had knowingly engaged in criminal conduct, that he was duly convicted and imprisoned for that conduct, and that his imprisonment and inability to care for K.R. would continue for more than two years after the date that the petition was filed in this cause. Furthermore, the aunt did not indicate that she was willing to care for K.R. on Appellant's behalf while he was incarcerated. *See H.R.M.*, 209 S.W.3d at 110; *In re Caballero*, 53 S.W.3d 391, 396 (Tex. App.—Amarillo 2001, pet. denied). Thus, the evidence is legally and factually sufficient to support the trial court's finding under subsection (Q). *See H.R.M.*, 209 S.W.3d at 108–10; *Caballero*, 53 S.W.3d at 396.

In his fourth issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that termination of Appellant's parental rights was in the best interest of K.R. As set forth above, K.R. had been placed with a paternal aunt in an appropriate home and had thrived there. The conservatorship supervisor and the guardian ad litem believed that termination of Appellant's parental rights would be in K.R.'s best interest. Appellant had been incarcerated since K.R. was

two weeks old, at which time Appellant was sentenced to serve a term of confinement for eight years. Appellant was unable to care for K.R. and had no relationship with her. Based upon the evidence presented in this case, we defer to the trial court's finding. *See C.H.*, 89 S.W.3d at 27.

We hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in K.R.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the emotional and physical needs of K.R. now and in the future, the emotional and physical danger to K.R. now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's criminal activity, and the stability of K.R.'s placement with her aunt, we hold that the evidence is sufficient to support the finding that termination of Appellant's parental rights is in the best interest of K.R. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's fourth issue on appeal.

The order of the trial court is affirmed.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

January 9, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.